## UNITED STATES DISTRICT COURT FOR

## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KELLY and KEVIN YEARS, h/w**<br>**1496 Lowrey Road**<br>**Caledonia, NY  14423**<br><br>               **Plaintiffs**<br><br>    **v.**<br><br><br>**CHAMBERS FAMILY CAMPGROUND, LLC,**<br>**d/b/a/ POTTER COUNTY FAMILY**<br>**CAMPGROUND**<br>**3075 E. 2nd Street**<br>**Coudersport, PA  16915-53**<br><br>              **Defendant** | **DOCKET NO.:** |

## CIVIL ACTION COMPLAINT

1. Plaintiff, Kelly Years, (hereinafter referred to as "Ms. Years") is an adult individual and citizen of the State of New York, residing at 1496 Lowrey Road, Caledonia, New York 14423.

2. Plaintiff, Kevin Years, (hereinafter referred to as "Mr. Years") is an adult individual and citizen of the State of New York, residing at 1496 Lowrey Road, Caledonia, New York 14423.

3. All references to "Plaintiffs" in the plural refer to Mr. and Ms. Years.

4. At all times material hereto, Mr. and Ms. Years were husband and wife.

5. Defendant, Chambers Family Campground, LLC, d/b/a Potter County Family Campground, Inc., (hereinafter referred to as "Defendant") is, upon information and belief, a corporation or other entity existing under and by virtue of the laws of the

Commonwealth of Pennsylvania, with a principal place of business at 3075 E. 2nd Street,

Coudersport, Pennsylvania 16915.

## ALLEGATIONS OF JURISDICTION AND VENUE

6. Jurisdiction in this matter is based upon diversity of citizenship in accordance with 28
   U.S.C. Section 1332.

7. The Plaintiffs are seeking damages in excess of $75,000.00 exclusive of interest, costs,
   and attorneys' fees.

8. The Plaintiffs are citizens of the State of New York.

9. The Plaintiffs reside in New York.

10. The Defendant is a citizen of the Commonwealth of Pennsylvania.

11. The accident at issue in this lawsuit occurred in Potter County, Commonwealth of
    Pennsylvania.

12. The United States District Court for the Middle District of Pennsylvania encompasses
    and serves the residents of Potter County of the Commonwealth of Pennsylvania.

13. Venue is proper in the United States District Court for the Middle District of
    Pennsylvania under 28 U.S.C. Section 1391(a).

## OPERATIVE FACTS

14. On August 25, 2018, Ms. Years was present on the premises, known as the "Potter
    County Family Campground" (hereinafter "Campground"), located at 3075 E. 2nd Street,
    Coudersport, Pennsylvania.

15. On August 25, 2018 the Campground was owned, operated, maintained, inspected, and/or
    controlled by Defendant.

16. The cabins located on, in, or about the Campground are within the responsibilities for inspection and maintenance of Defendant.

17. At all times relevant hereto, Defendant acted or failed to act through its agents, owners, managers, servants, workmen and/or employees, the identities of same being within the possession of Defendant.

18. At all times relevant hereto, Defendant, owned, maintained, possessed, controlled, repaired and otherwise had responsibility to maintain, inspect, control and repair the area in and about where this incident occurred, including, but not limited to the cabins situated on the Campground.

19. At all times relevant hereto, Defendant, had a statutory and common law duty and/or contractual obligation to maintain the Campground, including cabins situated on the Campground, as well as its buildings, grounds, developments, common areas, parking lots, walkways, doors, threshold, and entryways in a manner so as to allow reasonable ingress and egress, to provide safe grounds to traverse, and to keep the Campground and cabins reasonably safe and accessible and free from hazards and/or dangerous conditions.

20. At all times material hereto, Defendant had a duty to protect invitees, licensees and/or the general public, thereby including Ms. Years, from foreseeable harm.

21. At all times material hereto, Plaintiff Ms. Years was a business invitee at the Campground.

22. On or about August 25, 2018, Ms. Years was lawfully on the premises maintained, controlled, repaired, inspected and/or owned by Defendant, when she was caused to trip and fall on a decrepit, defective, and/or dilapidated threshold of a cabin, causing her to fall and sustain serious and permanent injuries.

23. As a result of the Defendant's negligence Ms. Years fell onto her right shoulder, sustaining a displaced and comminuted fracture, as well as tears to the ligaments in her shoulder, and other injuries to her person.

24. Plaintiff has undergone numerous tests, treatments, has had an injection, and is currently scheduled for surgery, in an attempt to cure the injuries caused by Defendant's negligence.

25. Plaintiff's injuries and damages were caused solely by the negligence of the Defendant.

26. Defendant knew, or should have known, of the dangerous and defective condition of the premises discussed above and allowed the dangerous and defective condition to exist, without warnings, for an unreasonably long time.

27. Defendants was, or in the exercise of reasonable care should have been, reasonably aware of the dangerous condition of the Campground, consisting of dangerous and defective real property and/or dangerous and defective of the cabins located at the Campground and that measures should have been taken to the Campground safe for customers, employees, invitees, licensees, social guests, and/or the general public, thereby including Ms. Years, all of whom had no reasonably safer alternative route.

28. By common law and statutory law, the Defendant was required to periodically ascertain the condition of the Campground and cabins' conditions; to maintain the Campground in a condition reasonably safe to walk upon, and to make any necessary repairs or conduct any necessary maintenance to that end.

29. By common law and statutory law, the Defendant had a duty to warn the Plaintiff, Ms. Years, and others similarly situated of the dangerous and defective condition of the Campground and the potential for injury.

30. At the aforesaid time and place, Defendant knew or should have known that the existing dangerous and defective conditions of the Campground and cabins existed and that the Plaintiff, Ms. Years, and other invitees, licensees, social guests and the general public would be unable to recognize the dangers or would otherwise be unable to protect themselves against said dangers.

## COUNT I – NEGLIGENCE
## KELLY YEARS v. CHAMBERS FAMILY CAMPGROUND, LLC, d/b/a/ POTTER COUNTY FAMILY CAMPGROUND

31. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

32. The negligence, carelessness and recklessness of Defendant, Potter County Family Campground, Inc., included the following:

   a. Maintaining a dangerous, defective condition of the Campground and cabin at issue;

   b. Failing to put out signs or warnings of the dangerous condition in the public Campground and cabin at issue;

   c. Failing to properly inspect the Campground and cabin at issue for dangerous conditions;

   d. Failing to properly inspect the Campground and cabin at issue for dangerous conditions and defects;

   e. Failing to fix or remedy the dangerous conditions;

   f. Failing to warn the public of the dangerous conditions;

   g. Failing to have sufficient manpower to conduct the proper and necessary inspections;

   h. Failing to have or create proper guidelines concerning the inspection of Campground and cabin at issue;

i.   Failing to follow existing guidelines concerning the inspection of Campground and cabin at issue;

j.   Failing to have or create appropriate guidelines concerning public Campground and cabin safety;

k.   Failing to follow existing guidelines concerning Campground and cabin safety;

l.   Failing to have or create appropriate guidelines concerning the Campground and cabin;

m.  Failing to follow existing guidelines concerning the safety of the Campground and cabin;

n.   Failing to maintain a safe Campground and cabin;

o.   Failing to address complaints regarding the Campground and cabin, including but not limited to complaints regarding the condition of the Campground and cabin under its control;

p.   Failing to follow industry standards regarding proper maintenance of Campground and cabins;

q.   Failing to follow industry standards regarding the proper maintenance of Campground and cabins;

r.   Failing to make the Campground and cabin safe for its intended use;

s.   Failure to erect warnings and/or barricades at the defect;

t.   Violation of applicable rules, codes, standards and/or laws;

u.   Permitting the dangerous condition to exist;

v.   Permitting defects of the property to exist;

    w.  Failing to adequately maintain its property;

    x.  Failing to fix defects of the property;

    y.  Failing to prevent the accident or injury to Plaintiff, Mark Blum;

    z.  Maintaining the Campground and cabin in a defective manner;

    aa. Failing to comply with all applicable local, state and federal rules, regulations and/or statutes regarding Campground and cabin maintenance and construction;

    bb. Failing to comply with all applicable professional codes, guidelines, regulations and rules regarding Campground and cabin maintenance and construction;

    cc. Failing to comply with all internal guidelines, policies, rules and/or protocols;

    dd. Creating a trap;

    ee. Failure to act reasonably under the circumstances; and

    ff. Failing to identify and/or appreciate the defective condition of the property.

33. As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendant, Plaintiff, Ms. Years, suffered severe injuries that include, but are not limited to, a displaced and comminuted fracture, as well as tears to the ligaments in her shoulder, and other injuries to her person, as outlined above, as well as pain, suffering, emotional distress, to her great detriment and loss.

34. As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendants, Plaintiff, Kelly Years, suffered embarrassment, humiliation, was caused to undergo prolonged and painful medical treatment, including an injection and impending surgery, said medical treatment continuing into the future, to her great detriment and loss.

35. As a direct and proximate result of the negligence, carelessness and/or recklessness

of Defendant, Plaintiff, Kelly Years, was caused to expend significant amounts of money
in efforts to fix the extensive damage done to her and will have to expend significant
amounts of money in the future, to her great detriment and loss.

36. As a direct and proximate result of the negligence, carelessness and/or recklessness
of Defendant, Plaintiff, Kelly Years, suffered the inability to engage in her usual and
customary activities of daily living, loss of enjoyment of life and the loss of life's
pleasures, to her great detriment and loss.

37. Some or all of the injuries complained of by Plaintiff, Kelly Years, are permanent
in nature.

WHEREFORE Plaintiffs demand judgment in their favor and against Defendant in an
amount in excess of seventy-five thousand ($75,000) dollars, together with delay damages and
any other amounts to which they are entitled under the law.

## COUNT II – LOSS OF CONSORTIUM
## KEVIN YEARS v. CHAMBERS FAMILY CAMPGROUND, LLC, d/b/a/ POTTER COUNTY FAMILY CAMPGROUND

38. The preceding paragraphs are incorporated by reference as if fully set forth herein.
At all times material hereto, Mr. Years was the lawful spouse of Ms. Years.

39. As a direct and proximate result of the negligence, carelessness and/or recklessness of the
tortfeasor, as described above, Mr. Years has in the past and will in the future be deprived
of the society of his spouse to his great emotional, physical and economic loss.

WHEREFORE Plaintiffs demand judgment in their favor and against Defendant in an
amount in excess of seventy-five thousand ($75,000) dollars, together with delay damages and
any other amounts to which they are entitled under the law.

Respectfully submitted,

**SMITH MIRABELLA BLAKE**

BY: _____

GREGORY A. SMITH, ESQUIRE
Supreme Court ID# 84189
gsmith@smblawfirm.com
KEVIN M. BLAKE, ESQUIRE
Supreme Court ID# 77979
kblake@smblawfirm.com
100 N. 20th Street, Suite 303
Philadelphia, PA  19104
(215) 422-4100 (phone)
(215) 422-4101 (fax)
Attorneys for Kelly and Kevin Years

DATE:  August 6, 2020